**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

SHELDON LOCKETT,
    *Plaintiff-Appellee*,

v.

COUNTY OF LOS ANGELES,
    *Defendant-Appellant.*

No. 19-55898

D.C. No.
2:18-cv-05838-PJW

OPINION

Appeal from the United States District Court
for the Central District of California
Patrick J. Walsh, Magistrate Judge, Presiding

Argued and Submitted August 12, 2020
Pasadena, California

Filed October 2, 2020

Before:  Consuelo M. Callahan, Patrick J. Bumatay, and
Lawrence VanDyke, Circuit Judges.

Opinion by Judge Bumatay

## SUMMARY[*]

### Civil Rights

In an interlocutory appeal, the panel affirmed the district court's denial of the County of Los Angeles's motion to dismiss a claim brought pursuant to *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978), alleging that the County's failure to hire, train, and supervise its Sheriff's deputies resulted in two deputies severely beating plaintiff during his arrest.

The panel first acknowledged that federal courts borrow from state law to determine any applicable statute of limitations for § 1983 claims, including tolling provisions. The panel held that although plaintiff's complaint was filed outside the relevant two-year statute of limitations, California Government Code § 945.3 tolled plaintiff's claim while his criminal charges were pending. Section 945.3 provides, in relevant part, that a person charged with a criminal offense may not bring a civil action against a peace officer or the public entity employing a peace officer "based upon" conduct of the peace officer relating to the offense for which the accused is charged while the charges against the accused are pending before a superior court.

The panel held that because there can be no *Monell* claim based on excessive force without an underlying constitutional violation by the officers, the peace officer's conduct in violation of the Constitution here became the

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

necessary logical condition to formulate a *Monell* claim. Thus, California Government Code § 945.3's "based upon" language applied to plaintiff's *Monell* claim, and his claim was properly tolled until the dismissal of his criminal charges.

## COUNSEL

Jack F. Altura (argued) and Rickey Ivie, Ivie McNeill & Wyatt, Los Angeles, California, for Defendant-Appellant.

Steven C. Glickman (argued) and Laura Tagmazian, Glickman & Glickman, Beverly Hills, California; John E. Sweeney, The Sweeney Firm, Beverly Hills, California; for Plaintiff-Appellee.

## OPINION

BUMATAY, Circuit Judge:

In an interlocutory appeal, the County of Los Angeles challenges the district court's denial of its motion to dismiss Sheldon Lockett's *Monell* claim. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). Lockett alleges that the County's failure to hire, train, and supervise its Sheriff's deputies resulted in two deputies severely beating him during an arrest. Specifically, Lockett contends that the County tolerated and ignored the proliferation of racially motivated "cliques" or "gangs" within the Sherriff's Department which led to the excessive force used.

We must consider whether California Government Code § 945.3 tolled Lockett's claim. If so, then the claim survives California's two-year statute of limitations for filing a civil action. Cal. Code Civ. Proc. § 335.1. Because the plain text of Government Code § 945.3 compels tolling of any action involving the "conduct of [a] peace officer," we affirm.

## I.

On January 15, 2016, two Los Angeles County Sheriff's Department deputies confronted Lockett at his godmother's house in Compton after a shooting nearby. According to Lockett's complaint, he ran in fear from the deputies—who had guns drawn and shouted commands at him—and hid in a nearby home. In response, the deputies radioed in a false report that Lockett had a gun and was fleeing. After being found, Lockett attempted to surrender to the deputies, but they severely beat him and used racial slurs against him. The deputies allegedly punched, kicked, and beat Lockett with their police batons. After the deputies finally subdued Lockett, one of the deputies allegedly rammed a baton into Lockett's eye socket, causing permanent damage.

On January 20, 2016, Lockett was charged with attempted murder and was held in custody for eight months. On August 2, 2016, the charge was dropped and Lockett was released from jail. On July 3, 2018, more than two years and five months after his arrest, Lockett filed a federal civil rights suit against the County of Los Angeles, the two deputies, and others under 42 U.S.C. § 1983. In his complaint, Lockett alleges that his claims were tolled while he was in custody for the attempted murder charge by operation of Government Code § 945.3.

In the district court, the County of Los Angeles moved to dismiss the *Monell* claim. The County argued that

Government Code § 945.3 was inapplicable to Lockett's action since the tolling provision is directed solely at claims "based upon conduct of the peace officer" and his *Monell* claim is based on "the conduct of the department," not "the officer." The district court disagreed. It concluded that Lockett was entitled to tolling for the eight-month period that the attempted murder charge was pending against him and, therefore, his civil action was not barred by California's two-year statute of limitations. *See* Cal. Civ. Proc. Code § 335.1. The district court explained that while Government Code § 945.3 tolls only claims based upon the conduct of the officer, a *Monell* claim is "derivative" of a claim against the officer and requires an "underlying civil rights claim against an officer." *Lockett v. Cty. of Los Angeles*, No. CV-18-5838-PJW, 2019 WL 3243726, at \*3 (C.D. Cal. May 29, 2019) (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986)).

The district court certified the issue for interlocutory appeal. *See* 28 U.S.C. § 1292. We then granted permission for the County to appeal. *See* 28 U.S.C. § 1292(b). Our review of the district court's decision is de novo. *Flores v. City of Westminster*, 873 F.3d 739, 748 (9th Cir. 2017); *Dunn v. Castro*, 621 F.3d 1196, 1198 (9th Cir. 2010).

## II.

Section 1983 authorizes civil actions for the "deprivation of any rights . . . secured by the Constitution and laws" against a party acting under color of state law. 42 U.S.C. § 1983. Known as a "*Monell* claim," an individual may prevail in a § 1983 action against "municipalities, including counties and their sheriff's departments," if the "unconstitutional action 'implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.'" *Rivera*

*v. Cnty. of Los Angeles*, 745 F.3d 384, 389 (9th Cir. 2014) (quoting *Monell*, 436 U.S. at 690).

Federal courts borrow from state law to determine any applicable statute of limitations for § 1983 claims, including tolling provisions. *Torres v. City of Santa Ana*, 108 F.3d 224, 226 (9th Cir. 1997). California has a two-year statute of limitations for actions involving "assault, battery, or injury" caused by the wrongful act or neglect of another. *See* Cal. Code Civ. Proc. § 335.1. California also has a tolling provision, Government Code § 945.3, which provides that:

> No person charged … [with] a criminal offense may bring a civil action for money or damages against a peace officer or the public entity employing a peace officer based upon conduct of the peace officer relating to the offense for which the accused is charged, including an act or omission in investigating or reporting the offense or arresting or detaining the accused, while the charges against the accused are pending before a superior court.

Cal. Gov't Code § 945.3.[1]  Thus, "[§] 1983 actions [are] tolled by California Government Code § 945.3 while

---

[1] We have held, under the Supremacy Clause, U.S. Const. art. VI, cl. 2, that "although section 945.3 may not prohibit a potential plaintiff from bringing a section 1983 claim against a peace officer while criminal actions are pending, section 945.3's tolling provision may still apply to toll the limitations period while criminal actions are pending against the potential plaintiff." *Harding v. Galceran*, 889 F.2d 906, 908 (9th Cir. 1989).

criminal charges are pending." *Torres*, 108 F.3d at 226 (simplified).

In this case, while Lockett filed his *Monell* claim against the County two years and five months after his arrest by the deputies—outside of the two-year statute of limitations—his attempted murder charge was pending for eight months. Consequently, his claim against the County may proceed if § 945.3 tolled his civil action while he was in custody. To answer whether § 945.3 governs, we look to whether Lockett's *Monell* claim is "based upon conduct of the peace officer relating to the offense for which the accused is charged." Cal Gov't Code § 945.3.

In another context, the Court has interpreted § 945.3 "based upon" language to mean "because of." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 64 n.14 (2007). In turn, the ordinary meaning of "because of" is "by reason of" or "on account of." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 350 (2013). Thus, in "common talk," we understand the phrase "based on" to indicate a "but-for causal relationship and thus a necessary logical condition." *Safeco Ins. Co. of Am.*, 551 U.S. at 63. We see no reason—nor do we find any reason in California caselaw—to define the phrase differently. Accordingly, § 945.3 tolls a civil action when the "but for" cause of the claim is the "conduct of the peace officer." *See* Cal. Gov't Code § 945.3.

To establish municipal liability under *Monell,* Lockett must prove that (1) he was deprived of a constitutional right; (2) the municipality had a policy; (3) the policy amounted to deliberate indifference to Lockett's constitutional right; and (4) the policy was the moving force behind the constitutional violation. *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011). Accordingly, while *Monell* claims cannot predicate municipal liability for constitutional violations of

its officers under the theory of respondeat superior, *Monell*, 436 U.S. at 691, such claims are still "contingent on a violation of constitutional rights." *Scott v. Henrich*, 39 F.3d 912, 916 (9th Cir. 1994) (holding that "municipal defendants cannot be held liable because no constitutional violation occurred").

*Monell* claims thus require a plaintiff to show an underlying constitutional violation. For example, the Court has held that a jury's determination that an individual officer did not use excessive force *precluded* § 1983 municipal liability on that ground. *Heller*, 475 U.S. at 799 ("[N]either *Monell* . . . nor any other of our cases authorizes the award of damages against a municipal corporation based on the actions of one of its officers when in fact the jury has concluded that the officer inflicted no constitutional harm."). As the Ninth Circuit Model Civil Jury Instructions demonstrate, in the excessive force context, a plaintiff cannot succeed on a *Monell* claim without establishing an *officer's* deprivation of a federal right. *See* Model Civ. Jury Instr. 9th Cir. 9.5 (providing that an element of a *Monell* claim is that the plaintiff must prove "the acts of [name of defendant's official or employee] deprived the plaintiff of his … particular rights under … the United States Constitution") (simplified); *see also* Model Civ. Jury Instr. 9th Cir. 9.8. While the County correctly argues that *Monell* liability is limited to the "acts of the municipality," *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479–480 (1986) (simplified), the peace officer's conduct still constitutes an *element* of a *Monell* claim.

Under this understanding of the law, it is clear that the officers' conduct is the "but for" cause of Lockett's *Monell* claim. Here, Lockett alleges that two deputies severely kicked, punched, and beat him with a baton during his arrest

in violation of his right to be free from excessive force—a constitutional violation. In turn, Lockett's *Monell* claim alleges that the County of Los Angeles allowed the proliferation of racially motivated gangs or cliques among Sheriff's deputies, including the two deputies involved in his case, which resulted in the constitutional violation he suffered. To succeed on the latter, Lockett must prove the former. Accordingly, the deputies' conduct necessarily lies at the heart of Lockett's *Monell* claim, *Heller*, 475 U.S. at 799, and his *Monell* claim is "based upon conduct of the peace officer[s]" within the meaning of § 945.3. His claim was, thus, tolled while his attempted murder charge was pending.

## III.

Because there can be no *Monell* claim based on excessive force without an underlying constitutional violation by the officers, the peace officer's conduct in violation of the Constitution here becomes the "necessary logical condition" to formulate a *Monell* claim. *Safeco Ins. Co. of Am.*, 551 U.S. at 63; *see also Fairley v. Luman*, 281 F.3d 913, 916 (9th Cir. 2002) ("Exoneration of [the officer] of the charge of excessive force precludes municipal liability for the alleged unconstitutional use of such force."). Thus, California Government Code § 945.3's "based upon" language applies to Lockett's *Monell* claim, and his claim was properly tolled until the dismissal of his criminal charges.[2]

**AFFIRMED**.

---

[2] We also **GRANT** the County's unopposed motion to take judicial notice of facts contained in the public record, ECF No. 18.