**FILED**

MAR 17 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DOUGLAS CAMERON AZIZ, | No.    21-55008 |
| Plaintiff-Appellant, | D.C. No.<br>2:17-cv-06934-DSF-AFM |
| v. | |
| JENNIFER LEACH, individually;<br>JUSTIN HIDALGO, individually; JASON<br>GORDON, individually; CITY OF<br>MANHATTAN BEACH, a municipal<br>entity; KEN CHENG, individually;<br>DAVID CAVENEY, individually; STEVE<br>KITSIOS; RAUL INGUANZO; DONALD<br>BROWN; MICHAEL LYNCH, #313,<br>individually; ALLARD, #317,<br>individually; BARBA, #367, individually;<br>DELGADO, #315, individually;<br>HAMILTON, #364, individually;<br>SCHREIBER, #277, individually, | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| JENNIFER BORYS, individually; EVE R.<br>IRVINE, in her official capacity; DOES,<br>John Doe  1-12; Jane Doe, individually, | |

_____

*  This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

|                    |
| ------------------ |
| Defendants.        |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted March 17, 2022 [**]

Before: WALLACE, FERNANDEZ, and SILVERMAN, Circuit Judges.

Douglas Cameron Aziz appeals pro se from the district court's judgment in favor of the City of Manhattan Beach and individual officers of the Manhattan Beach Police Department on his 42 U.S.C. § 1983 claims. We affirm.

The district court properly granted summary judgment in favor of defendant Officers Leach, Hidalgo, Caveney, Cheng, Kitsios, Brown, Inguanzo, Allard, Lynch, Barba, Delgado, Hamilton, and Schrieber on Aziz's Fourth Amendment excessive force claims stemming from the use of firearms and a failure to intervene. *See Rice v. Morehouse*, 989 F.3d 1112, 1121 (9th Cir. 2021); *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000). The record reveals that Officer Hidalgo on November 5, 2016, Officer Inguanzo on August 14, 2017, and an unspecified officer from the incident on July 9, 2019, directed their firearms

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

in Aziz's direction only momentarily while he was not in full view and it was not apparent that he was unarmed. *Cf. Hopkins v. Bonvicino*, 573 F.3d 752, 776–77 (9th Cir. 2009). The brief drawing of their guns was reasonable for officer safety in light of the reports of heated, possibly violent conflicts within the home and Aziz's failure to cooperate with officer commands. *Cf. Rice*, 989 F.3d at 1121–23. Additionally, the mere unholstering of a firearm, without more, does not constitute excessive force. *See Foster v. City of Indio*, 908 F.3d 1204, 1218 (9th Cir. 2018) (per curiam).

The district court did not err in granting summary judgment on Aziz's excessive force claim against Officers Leach, Hidalgo, and Gordon stemming from their use of physical force during his November 5, 2016 arrest. The district court did not abuse its discretion[1] in determining that no reasonable juror could adopt Aziz's version of the events in light of the video evidence. *See Scott v. Harris*, 550 U.S. 372, 380–81, 127 S. Ct. 1769, 1776, 167 L. Ed. 2d 686 (2007). Moreover, due to Aziz's physical resistence, the minor use of physical force was reasonable and necessary for officer safety and to gain Aziz's compliance. *See Rice*, 989 F.3d at 1121.

---

[1] "'Evidentiary rulings made in the context of summary judgment motions are reviewed for abuse of discretion . . . .'" *Lowry v. City of San Diego*, 858 F.3d 1248, 1256 (9th Cir. 2017) (en banc).

Summary judgment was also appropriate as to Aziz's Fourth Amendment warrantless entry claims against Officers Leach, Hidalgo, Caveney, Cheng, Kitsios, Brown, Inguanzo, Allard, Lynch, Barba, Delgado, Hamilton, and Schrieber for their warrantless entry into his home on November 5, 2016, August 14, 2017, and July 9, 2019. In all instances, it was reasonable for the officers to believe that entry was necessary to prevent physical harm or to render immediate aid to a person within based on the reports of yelling, the officers' observations at the scene, the possibility that an incident of domestic violence was transpiring, and the officers' inaccessibility to the others in the home. *See United States v. Brooks*, 367 F.3d 1128, 1135–36 (9th Cir. 2004).

Summary judgment was proper as to Aziz's unreasonable seizure claims. As to the November 5, 2016, arrest by Officers Leach, Hidalgo, and Gordon, the record reveals that Aziz consented to their entry into his home and their entry was not the result of an unlawful ruse. *See Schneckloth v. Bustamonte*, 412 U.S. 218, 222, 93 S. Ct. 2041, 2045, 36 L. Ed. 2d 854 (1973); *United States v. Phillips*, 497 F.2d 1131, 1135 n.4 (9th Cir. 1974); *Whalen v. McMullen*, 907 F.3d 1139, 1147 (9th Cir. 2018); *United States v. Garcia*, 997 F.2d 1273, 1280–82 (9th Cir. 1993). As to his August 14, 2017, arrest by Officers Leach, Kitsios, Brown, and Inguanzo, exigent circumstances justified their entry, and they did not use excessive force.

*See Brooks*, 367 F.3d at 1135–36; *cf. Hopkins*, 573 F.3d at 776–77.[2]  As to his unreasonable seizure of property claim against Officer Leach, the state-created danger doctrine is inapplicable.  *See Pauluk v. Savage*, 836 F.3d 1117, 1122 (9th Cir. 2016).

The defendants were also entitled to summary judgment on his Fourteenth Amendment fabrication of evidence claim because Aziz relies on mere speculation and can point to no competent evidence in the record to support his claim.  *See Cafasso, United States ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1061 (9th Cir. 2011).

Finally, the district court did not err in granting summary judgment in favor of the City of Manhattan Beach because Aziz is unable to show an underlying violation of his constitutional rights.  *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037–38, 56 L. Ed. 2d 611 (1978); *Lockett v. County of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020).

All arguments not raised by Aziz in his opening brief are deemed waived. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

**AFFIRMED.**

---

[2]  This court "may affirm on the basis of any ground supported by the record."  *McSherry v. City of Long Beach*, 584 F.3d 1129, 1135 (9th Cir. 2009).