NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 28 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSEPH HALL, an individual,

       Plaintiff-Appellant,

  v.

CITY OF PORTLAND, a municipal
corporation; EDWARD TEVIS WHEELER,
an individual,

       Defendants-Appellees.

No.   22-35705

D.C. No. 3:22-cv-00074-HZ

MEMORANDUM*

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, Chief District Judge, Presiding

Submitted August 24, 2023**
Portland, Oregon

Before:  BENNETT, VANDYKE, and H.A. THOMAS, Circuit Judges.

Plaintiff-Appellant Joseph Hall was injured during a confrontation with

protesters in Portland, Oregon.  He filed this suit against the City of Portland and

Mayor Wheeler, alleging they violated his substantive due process rights by failing

---

\*   This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

\**   The panel unanimously concludes this case is suitable for decision without oral
argument.  *See* Fed. R. App. P. 34(a)(2).

to protect him. The district court granted the motion to dismiss the complaint. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court's dismissal of Hall's complaint.

In general, the Due Process Clause does not impose an affirmative obligation on the state to protect individuals from "invasion by private actors." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989). The state-created danger doctrine, an exception to this general rule, requires a plaintiff to establish that "(1) a state actor's affirmative actions created or exposed him to 'an actual, particularized danger [that he] would not otherwise have faced,' (2) that the injury he suffered was foreseeable, and (3) that the state actor was deliberately indifferent to the known danger." *Sinclair v. City of Seattle*, 61 F.4th 674, 680 (9th Cir. 2023) (quoting *Hernandez v. City of San Jose*, 897 F.3d 1125, 1133–34 (9th Cir. 2018)).

Here, Hall fails to meet his burden to establish the first element: that the city's affirmative acts exposed him to a *particularized* danger. In cases where our court has identified an affirmative state act that satisfies the first prong of our state-created danger test, law enforcement typically engaged in direct contact with the victim. *See, e.g., Martinez v. City of Clovis*, 943 F.3d 1260, 1272 (9th Cir. 2019); *Hernandez*, 897 F.3d at 1135; *Munger v. City of Glasgow Police Dep't*, 227 F.3d 1082, 1087 (9th Cir. 2000). But here, Hall never interacted with officers at all. Instead, the facts here closely resemble those in *Sinclair*, where a victim was fatally

2

shot in the protester-held area of Seattle known as the Capitol Hill Occupied Protest or "CHOP." *Sinclair*, 61 F.4th at 677. There, the plaintiff stated that city officials ordered police to withdraw from CHOP, made public statements praising the activities of protesters, and actively supported them with resources. *Id.* at 677, 681–82. Even so, the victim's claims failed because although the city may have exposed the victim to an actual danger through its affirmative acts, the danger was *not* particularized to him. *Id.* at 681, 683.

Hall's claim fails for the same reason. Although Hall plausibly alleges exposure to an actual danger, the danger was not any more particularized than the city-created danger in *Sinclair*. Rather, Hall's allegations describe the danger as generalized and experienced by all who chose to enter Portland. *See id.* at 683. He describes "city-wide" danger "on a grand and unprecedented scale," but does not explain why he *in particular* was endangered differently than the public at large. Since Hall fails to satisfy the first element of the state-created danger doctrine, we need not address the other elements.

Next, Hall argues that his complaint presents a valid *Monell* claim against the City of Portland, referring to his general allegations of "unconstitutional conduct" and "dereliction of public duty." But among other elements, Hall's *Monell* claim must sufficiently allege a deprivation of a constitutional right. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690 (1978); *Lockett v. Cnty. of Los*

*Angeles*, 977 F.3d 737, 741 (9th Cir. 2020).  As explained, Hall has not sufficiently alleged any violation of his constitutional due process rights.  He states he has the "right to be free from unjustified intrusions upon his personal security and personal liberty," followed by a list of vague, conclusory statements regarding the alleged policies and actions of the City.  Thus, he fails to establish the first element under *Monell*.

**AFFIRMED.**