NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 20 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JENNIFER AGNES LOPEZ, | No. 22-55352 |
| Plaintiff-Appellant, | D.C. No. 2:21-cv-01947-DOC-SP |
| v. | |
| STATE OF CALIFORNIA; et al., | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| DOES, 1 through 10, inclusive, | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted October 20, 2023**

Before: BENNETT, SUNG, and H.A. THOMAS, Circuit Judges.

Jennifer Lopez De Jongh appeals the district court's dismissal of her 42

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1983 suit against Gary Miller, the County of Los Angeles (the District Attorney and Sheriff's Department), and the State of California (collectively "Defendants"). Lopez alleges Defendants violated her Fifth, Eighth, and Fourteenth Amendment rights as well as the Civil Rights Act of 1964 by colluding and conspiring to take her children from her. She also alleges that Defendants protected Defendant Gary Miller's son—the children's father—from being incarcerated and registered as a sex offender for sexual abuse of the children. We have jurisdiction under 28 U.S.C. § 1291. We review a dismissal for failure to state a claim de novo and a denial of leave to amend for abuse of discretion. *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 572–73 (9th Cir. 2020). We affirm.

1. The district court properly dismissed all but one of Lopez's claims because they were time-barred. Under § 1983, "courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling." *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). The statute of limitations for each of Lopez's claims is two years. *See* Cal. Civ. Proc. Code § 335.1; *Lockett v. County of Los Angeles*, 977 F.3d 737, 739 (9th Cir. 2020). Here, the alleged facts that gave rise to Claim 1 through Claim 7 and Claim 9 occurred between 2007 and 2015, more than two years before Lopez filed her complaint on March 2, 2023. However, the alleged acts that gave rise to Claim 8 took place on January 14, 2021. Because the allegedly discriminatory acts

2

are discrete, the continuing violations exception does not apply. *See Bird v. Dep't of Hum. Servs.*, 935 F.3d 738, 746–47 (9th Cir. 2019). Therefore, all of Lopez's claims, except Claim 8, are barred by the statute of limitations.

2. For Claim 8, Lopez alleges that Defendants violated her due process rights by conspiring to prosecute her for a restraining order violation, and she contends they are subject to suit for such violations under § 1983. For the reasons explained below, the district court correctly dismissed Claim 8 with prejudice.

The district court correctly concluded that the State of California and Miller are not subject to suit under § 1983. Regarding the State, the Supreme Court has held that "a State is not a person within the meaning of § 1983," *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989), and explained that § 1983 "does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Id.* at 66.

Regarding Miller, he is a private citizen, and a private citizen is not subject to suit under § 1983 unless they "acted under color of state . . . law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). To show that Miller acted under color of state law, Lopez must allege specific facts that are enough to show that Miller "conspired or acted jointly with state actors to deprive [Lopez] of [her] constitutional rights." *Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 783 (9th Cir. 2001) (citing *United Steelworkers v. Phelps Dodge Corp.*, 865 F.2d 1539,

3

1540 (9th Cir.1989)). Lopez did not properly plead any specific facts that show a conspiracy or joint action between Miller and a state actor. *See Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989). Lopez only made a conclusory allegation of conspiracy, which is not enough. *Id.* (concluding that "[plaintiff's] claims against all the defendants for a conspiracy to violate his constitutional rights under section 1983 . . . fail because they were supported only by conclusory allegations").

The district court also correctly concluded that Los Angeles County, sued as the Los Angeles County District Attorney and County of Los Angeles Sheriff's Department, is entitled to prosecutorial immunity and qualified immunity.

The district court correctly concluded that the District Attorney is entitled to prosecutorial immunity. Prosecutors are entitled to prosecutorial immunity from § 1983 actions "when performing functions 'intimately associated with the judicial phase of the criminal process.'" *Garmon v. County of Los Angeles*, 828 F.3d 837, 842–43 (9th Cir. 2016) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). Here, the alleged conduct concerns the District Attorney's decision to prosecute Lopez. The district court correctly concluded that Lopez failed to plead facts that show the District Attorney's alleged conduct was not a prosecutorial decision intimately associated with the judicial phase of the criminal process. Lopez does not dispute that determination on appeal.

4

The district court also correctly concluded that the District Attorney and the Sheriff's Department are entitled to qualified immunity for Claim 8. To determine whether a defendant is entitled to qualified immunity, we apply a two-step test: (1) did "the officer's conduct violate[] a constitutional right," and (2) was "the right in question . . . clearly established at the time of the officer's actions, such that any reasonably well-trained officer would have known that his conduct was unlawful." *Orn v. City of Tacoma*, 949 F.3d 1167, 1174 (9th Cir. 2020). The district court correctly concluded that Lopez failed to plead facts that show a constitutional violation. The District Attorney did not violate Lopez's constitutional right to due process because the District Attorney's decision to prosecute Lopez was not based on an unjustifiable standard. *See Bordenkircher v. Hayes*, 434 U.S. 357, 364–365 (1978) (absent reliance on an unjustifiable standard, such as race, religion, or other arbitrary classification, a prosecutor's decision to prosecute does not violate due process). The Sherriff could not violate Lopez's constitutional right by prosecuting her for violating the restraining order because the Sherriff had no authority to decide whether to prosecute Lopez. Lopez does not dispute these facts on appeal.

The district court also correctly concluded that Lopez did not state a *Monell* claim against the County. A *Monell* claim cannot survive without an underlying constitutional violation. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (per curiam). Because the constitutional claims upon which Lopez premises her

*Monell* claim were properly dismissed, the *Monell* claim was also properly dismissed.

3. Because we conclude that all claims were properly dismissed, we do not reach Lopez's arguments about punitive damages.

4. The district court did not abuse its discretion in dismissing Lopez's complaint without leave to amend because amendment would be futile. *See Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009).

**AFFIRMED.**