NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KEVIN THOMAS KELLY, | No.   22-55920 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-02615-JO-DDL |
| v. | |
| CITY OF POWAY, a municipal corporation, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Jinsook Ohta, District Judge, Presiding

Argued and Submitted December 7, 2023
Pasadena, California

Before:  BEA, M. SMITH, and VANDYKE, Circuit Judges.

Kevin Thomas Kelly appeals the district court's decision dismissing his claims under Federal Rule of Civil Procedure 12(b)(6).  Because the parties are familiar with the facts of this case, we do not recount them here.  We have jurisdiction to review the district court's order pursuant to 28 U.S.C. § 1291, *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1070 (9th Cir. 2002), and we affirm.

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1. The district court had subject matter jurisdiction over Kelly's Clean Water Act ("CWA") and Endangered Species Act ("ESA") claims because his Notices of Violations ("NOVs") provided adequate statutory notice to the City of Poway, as required under 33 U.S.C. § 1365(b)(1)(A) and 16 U.S.C. § 1540(g)(2)(A)(i). The City has not identified requisite information missing from the NOVs, so the district court did not err in exercising jurisdiction over these claims.

2. The district court did not err in dismissing Kelly's CWA claims brought under 33 U.S.C. § 1365(a)(1). Compliance with a National Pollution Discharge Elimination System ("NPDES") permit shields a permittee from liability for discharges covered by the permit. *Alaska Cmty. Action on Toxics v. Aurora Energy Servs., LLC*, 765 F.3d 1169, 1171 (9th Cir. 2014). But where a permittee "discharges pollutants in excess of the levels specified in the permit, or where the permittee otherwise violates the permit's terms," he violates the CWA. *Nat. Res. Def. Council, Inc. v. County of Los Angeles*, 725 F.3d 1194, 1204 (9th Cir. 2013).

Kelly failed to plead facts that plausibly state a violation of the City's NPDES permit or the CWA. Specifically, Kelly did not plead which specific "effluent standard or limitation," waste discharge prohibition, or water quality standard the City had violated. *See* 33 U.S.C. § 1365(a)(1)(A). Instead, his lengthy Third Amended Complaint consisted of conclusory statements that failed to state a plausible claim to relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Though

2

the district court incorrectly reasoned that implementation of Water Quality Improvement Plans and Jurisdictional Runoff Management Programs required by the permit necessarily constitutes compliance with the City's NPDES permit, Kelly failed to plead a plausible violation of the NPDES permit, so the district court did not err in dismissing Kelly's CWA claims.[1]

3. The district court did not err in dismissing Kelly's ESA claim alleging a violation of 16 U.S.C. § 1538, because Kelly did not state facts from which it could reasonably be inferred that the City's trails harmed endangered birds. Instead, he essentially recited the legal standard for an ESA claim. Because a court need not accept a complaint's legal conclusions as true and sufficient to state a claim for relief, *Iqbal*, 556 U.S. at 678, the district court did not err in dismissing Kelly's ESA claim.

4. The district court properly dismissed Kelly's taking claim related to hiking trails the City created on his property because this claim was barred by the applicable statute of limitations. Kelly alleged the City created hiking trails on his land in 2007 without an easement or just compensation, which constituted a taking of his

---

[1] Kelly moves to supplement the record with a letter from the San Diego Regional Water Quality Control Board stating the City does not have "deemed compliance" under NPDES Permit Provision B.3.c. Dkt. No. 6. Amici Curiae—San Diego Coastkeeper, California Coastkeeper Alliance, and the Coastal Environmental Rights Foundation—request that the Court take judicial notice of the same letter, as well as two Orders from the California State Water Resources Control Board regarding "safe harbor" provisions. Dkt. No. 15. The City opposes these motions. Dkt. No. 9; Dkt. No. 17. Because the applicability of Provision B.3.c is not at issue on appeal, the panel denies both motions.

3

property.  The statute of limitations for Kelly's 42 U.S.C. § 1983 claim was two years.  *See Nance v. Ward*, 597 U.S. 159, 174 (2022); *Lockett v. County of Los Angeles*, 977 F.3d 737, 739 (9th Cir. 2020).  The statute of limitations had certainly run by 2018, when Kelly filed his initial complaint in this case, and Kelly pleaded no facts to support an argument for equitable tolling of the applicable statute of limitations.

5.  The district court properly dismissed Kelly's "substantive due process" claim, which the district court analyzed as a taking claim.  Kelly claimed the City acted arbitrarily in "labeling Warren Creek as an 'ephemeral stream'" in City Council minutes and in documents filed in this case; he claimed the City did so to "remove the WOTUS [waters of the United States] designation for Warren Canyon," which he alleges adversely affected the value of his property.  But the City's references in City Council meeting minutes to Warren Creek as an "ephemeral stream" have no effect on whether the creek or the greater Warren Canyon watershed is a WOTUS because the City lacks the authority to make that designation.  Therefore, Kelly failed to state a plausible claim that the City's "designations" deprived him of his property or violated his constitutional rights.

**AFFIRMED.**

4