**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FEB 27 2024

FOR THE NINTH CIRCUIT

MAX E. ROBERSON,

Plaintiff-Appellant,

v.

HENDERSON POLICE DEPARTMENT,

Defendant-Appellee.

No. 22-16721

D.C. No. 2:22-cv-00541-JAD-EJY

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted February 21, 2024[**]

Before:    FERNANDEZ, NGUYEN, and OWENS, Circuit Judges.

Max E. Roberson appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action against the Henderson Police Department

arising from Roberson's arrest and detention and the search of his residence.  We

have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal under

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Federal Rule of Civil Procedure 12(b)(6). *Puri v. Khalsa*, 844 F.3d 1152, 1157 (9th Cir. 2017). We affirm.

The district court properly dismissed Roberson's action because Roberson failed to allege facts sufficient to show that he suffered a constitutional violation as a result of an official policy or custom. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)); *Lockett v. County of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020) (discussing requirements to establish municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978)).

**AFFIRMED.**