**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 21 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PHILLIP EUGENE SANDERS,

Plaintiff-Appellant,

v.

MARGARET MIMS, Fresno County Sheriff;
VANG, Correctional Officer at Fresno
County Jail,

Defendants-Appellees.

No. 23-16088

D.C. No. 1:20-cv-00634-JLT-SAB

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Jennifer L. Thurston, District Judge, Presiding

Submitted June 17, 2024**

Before:     CANBY, PAEZ, and SUNG, Circuit Judges.

Phillip Eugene Sanders appeals pro se from the district court's judgment dismissing his action alleging various federal and state law claims arising from the medical treatment he received while in pretrial detention. We have jurisdiction

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291.  We review de novo.  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A).  We affirm.

The district court properly dismissed Sanders's action because Sanders failed to allege facts sufficient to show that he suffered a constitutional violation as a result of an official policy or custom, received constitutionally inadequate medical care, was excluded on the basis of disability, or experienced intentionally outrageous conduct causing severe emotional distress.  *See Lockett v. County of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020) (discussing requirements to establish municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978)); *Gordon v. County of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018) (setting forth the objective deliberate indifference standard for pretrial detainees); *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1022 (9th Cir. 2010) (explaining that the Americans with Disabilities Act "prohibits discrimination because of disability, not inadequate treatment for disability"), *overruled on other grounds by Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc); *Hughes v. Pair*, 209 P.3d 963, 976 (Cal. 2009) (setting forth elements of intentional infliction of emotional distress claim under California law).

The district court did not abuse its discretion in denying Sanders further

leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and stating that leave to amend may be denied where amendment would be futile).

We reject as unsupported by the record Sanders's contentions that the district court was biased against him.

Sanders's request that this court review specific allegations in the second amended complaint, set forth in the opening brief, is denied as unnecessary.

**AFFIRMED.**