**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 19 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ESTATE OF CHRIS ROGERS,

          Plaintiff-Appellant,

  v.

NAPHCARE, INC.,

          Defendant-Appellee.

No.   23-35316

D.C. No. 2:20-cv-0467-TOR

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Argued and Submitted September 9, 2024
Seattle, Washington

Before:  W. FLETCHER and JOHNSTONE, Circuit Judges, and RAKOFF,[**]
District Judge.

Following the death of inmate Christopher Rogers at the Spokane County Jail

("SCJ") from asphyxiation by hanging, Rogers's Estate ("the Estate") filed suit

against NaphCare, Inc., ("NaphCare"), a private medical company that contracted

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

with Spokane County ("the County") to provide mental health services to inmates. The Estate raised three claims under 42 U.S.C. § 1983, alleging in various respects that NaphCare maintained a policy of denying treatment to mentally ill inmates, like Rogers, in violation of the Fourteenth Amendment. It also raised corporate negligence[1] and wrongful death claims under Washington state law.

On appeal, the Estate challenges the district court's dismissal of its claims on summary judgment. Specifically, the Estate challenges the district court's grant of NaphCare's motions for partial summary judgment, as well as the district court's corresponding summary denial of the Estate's partial motion for summary judgment as moot. This Court reviews the district court's grant of summary judgment de novo, viewing the evidence "in the light most favorable to the non-moving party to determine whether there are any genuine issues of material fact." See DeFries v. Union Pac. R.R. Co., 104 F.4th 1091, 1104 (9th Cir. 2024). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Under the Supreme Court's holding in Monell v. Department of Social Services, 436 U.S. 658 (1978), a plaintiff seeking to establish municipal liability under § 1983 must identify a municipal policy or practice that violated his constitutional rights. See Castro v. Cnty. of Los Angeles, 833 F.3d 1060, 1073 (9th

---

[1] The Estate has abandoned any argument based on a respondeat superior theory of liability.

2

Cir. 2016).  To that end, the plaintiff must prove that "(1) he was deprived of a constitutional right; (2) the municipality had a policy; (3) the policy amounted to deliberate indifference to [his] constitutional right; and (4) the policy was the moving force behind the constitutional violation." Lockett v. Cnty. of Los Angeles, 977 F.3d 737, 741 (9th Cir. 2020) (citing Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011)).  The parties agree that these standards apply to NaphCare in its capacity as the County's contractee.

The Estate has failed to demonstrate that NaphCare maintained a policy of denying treatment to mentally ill inmates. To establish the existence of such a policy, the Estate points to the failure of NaphCare's nurses to complete Rogers's mental health screening form upon his arrival at SCJ. However, the record clearly demonstrates that although a NaphCare nurse was initially unable to complete the screening (because Rogers either refused to or was unable to cooperate with her), another nurse successfully completed and documented the screening the following day. The Estate also points to the failure of NaphCare's nurses to monitor inmates' symptoms, prescribe medications, and make referrals to SCJ's psychiatrist as further evidence that NaphCare maintained a policy of denying treatment to mentally ill inmates. However, NaphCare's nurses were neither responsible for performing nor qualified to perform those tasks. Indeed, pursuant to NaphCare's agreement with the County, those tasks were assigned to SCJ's psychiatrist and the County's mental

3

health professionals. In any event, the record demonstrates that NaphCare provided mental health treatment to Rogers by conducting his initial screening, obtaining his medical records, administering and modifying his psychiatric prescriptions, and placing him on suicide watch on three separate occasions. On this record, the district court did not err in granting summary judgment on the Estate's § 1983 claims.

Nor did the district court err in granting summary judgment on the Estate's state law claims. Under Washington state law, "[a] successful [corporate] negligence claim requires (1) the existence of a duty owed to the complaining party, (2) a breach of that duty, (3) a resulting injury, and (4) proximate cause between the breach and the injury." Est. of Essex v. Grant Cnty. Pub. Hosp. Dist. No. 1, 546 P.3d 407, 413 (Wa. 2024) (citing Pedroza v. Bryant, 677 P.2d 166, 168 (1984) (citing Hansen v. Wash. Nat'l Gas Co., 632 P.2d 504, 505 (1981))). A wrongful death claim based on negligence, like the one at issue here, carries the same requirements. See Eylander v. Prologis Targeted U.S. Logistics Fund, LP, 539 P.3d 376, 380 (Wa. 2023) (citing Degel v. Majestic Mobile Manor, Inc., 914 P.2d 728, 731 (1996)). Even if the Estate had demonstrated that NaphCare breached a duty to Rogers, it still failed to establish that any such breach was the proximate cause of his death. Under Washington law, in cases such as this, plaintiffs must usually establish proximate causation by putting forth expert testimony. Est. of Essex, 546 P.3d at 414 (quoting Douglas v. Freeman, 814 P.2d 1160, 1165 (Wa. 1991) (citing McLaughlin v. Cooke, 774 P.2d 1171, 1175

4

(Wa. 1989))). Here, none of the Estate's experts concluded that NaphCare's supervision of its employees was the proximate cause of Rogers's death. Accordingly, the district court did not err in dismissing either the Estate's corporate negligence claim or its derivative wrongful death claim.

Finally, the Estate argues that the district court erred by failing to consider its partial motion for summary judgment. However, the district court's decision specified that three matters "were submitted for consideration," that it "ha[d] reviewed the record and files [t]herein," and that it was "fully informed." The district court thus made clear that it had fulfilled its obligation to consider both of NaphCare's motions and the Estate's motion. Because the Estate's motion concerned the same duty and breach issues as NaphCare's motions and because the Estate has not pointed to any new evidence raised in its motion that would have created a genuine dispute of material fact with respect to either issue, the district court did not err in dismissing the Estate's motion for partial summary judgment as moot.

**AFFIRMED.**