**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

APR 25 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT LONNELL SMITH,<br><br>       Plaintiff - Appellant,<br><br>  v.<br><br>COUNTY OF WASHOE; DARIN BALAAM; MOSLEY, Lieutenant; RICE; BARRETT-VENN; VENN; GERMAN; OBRITSCH, CIV-Deputy; LITTLEFIELD, Sergeant; SEWELL, Sergeant; STEWART, Sergeant; KLEIN, Deputy; HJERMSTAD; GARZA, Representative of Washoe Legal Services; JETER, Deputy; JOHNSON, Representative of Washoe Legal Services; JENKINS,<br><br>       Defendants - Appellees. | No. 23-3056<br><br>D.C. No. 3:21-cv-00123-ART-CSD<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Anne R. Traum, District Judge, Presiding

Submitted April 22, 2025[**]

Before:     GRABER, H.A. THOMAS, and JOHNSTONE, Circuit Judges.

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Nevada state prisoner Robert Lonnell Smith appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging First and Fourteenth Amendment violations while he was a pretrial detainee. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 759 (9th Cir. 2017). We affirm.

The district court properly granted summary judgment on Smith's Fourteenth Amendment conditions of confinement claim because Smith failed to raise a genuine dispute of material fact as to whether the amount of time he was allowed out of his cell amounted to punishment. *See Norbert v. City & County of San Francisco*, 10 F.4th 918, 933 (9th Cir. 2021) (explaining that governmental action constitutes punishment in violation of the Fourteenth Amendment when it causes the detainee to suffer a harm or disability and is intended to punish); *id.* at 929-30 (explaining that "the constitutionality of conditions for inmate exercise must be evaluated based on the full extent of the available recreational opportunities"); *Lockett v. County of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020) (explaining that municipal liability claims under § 1983 require a plaintiff to show an underlying constitutional violation).

We reject as unsupported by the record Smith's contentions that the district court improperly entertained a successive motion for summary judgment, failed to apply correctly the relevant legal standard, or engaged in improper ex parte

2                                                                                    23-3056

communications with defendants.

**AFFIRMED.**