**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAY 12 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KEITH TROUT, guardian ad litem of minor D.A.; minor J.G.1; minor J.G.2; and minor J.G.3; ESTATE OF CALLEY JEAN GARAY, by and through her successor in interest, Keith Trout,

Plaintiffs - Appellants,

v.

COUNTY OF MADERA; COMMUNITY ACTION PARTNERSHIP OF MADERA COUNTY, INC.,

Defendants - Appellees,

and

CAMARENA HEALTH; CAMARENA HEALTH FOUNDATION,

Defendants.

No. 24-2956

D.C. No.
1:22-cv-00867-SAB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Stanley Albert Boone, Magistrate Judge, Presiding

Argued and Submitted March 26, 2025
Pasadena, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: NGUYEN and MENDOZA, Circuit Judges, and KERNODLE, District Judge.**

Keith Trout, on behalf of Calley Garay's children and estate,[1] appeals the district court's judgment dismissing with prejudice his Fourteenth Amendment claims against the County of Madera ("County") and Community Action Partnership of Madera County, Inc. ("CAPMC"). We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, *see Murguia v. Langdon*, 61 F.4th 1096, 1106 (9th Cir. 2023), we affirm.

To state a claim under the Fourteenth Amendment's state-created danger doctrine, Trout must allege facts showing that "(1) [the County and CAPMC] took affirmative actions that placed [Calley] in danger she otherwise would not have faced; (2) the danger was known or obvious; and (3) [they] acted with deliberate indifference to that danger." *Momox-Caselis v. Donohue*, 987 F.3d 835, 845 (9th Cir. 2021). Because "the government as an entity is responsible under § 1983" only "when execution of [its] policy or custom . . . inflicts the injury," *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978), Trout must additionally allege facts showing that (1) the County and CAPMC had a policy; (2) the policy amounted to

---

** The Honorable Jeremy D. Kernodle, United States District Judge for the Eastern District of Texas, sitting by designation.

[1] To avoid confusion, we refer to Calley and Julio Garay by their first names.

deliberate indifference to Calley's constitutional right; and (3) the policy was the moving force behind the constitutional violation.[2] *See Lockett v. County of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020).

To the extent Trout attempts to make a claim out of the conduct of the County's and CAPMC's employees, whom he contends "enrage[ed]" Julio to the point of violence, such conduct cannot be attributed to defendants unless done pursuant to their policies or customs. *See Lockett*, 977 F.3d at 741. No such policy is outlined, explained, or alleged in the amended complaint with sufficient factual matter to state a claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, the conduct at issue is those employees' efforts to remove Calley from domestic violence; acts which clearly did not expose her to a "danger she would not otherwise have faced." *Martinez v. High*, 91 F.4th 1022, 1028 (9th Cir. 2024).

To the extent Trout attempts to make a claim out of the risk of Calley's information being disclosed to Julio, the allegations in the amended complaint do not plausibly show how defendants or their employees acted with deliberate

---

[2] We assume without deciding that CAPMC is a state actor for § 1983 purposes and may be held liable under *Monell*. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012).

indifference.[3] Even assuming they knew that Julio was "likely to stalk and kill" Calley if he learned about her appointment at Camarena Health, the allegations do not show how they "knew" that "Camarena Health had disclosed [the appointment] to Julio." A conclusory allegation of knowledge is insufficient to establish this element of deliberate indifference. *See Iqbal*, 556 U.S. at 681 (holding that conclusory allegations of knowledge are "not entitled to be assumed true"); *Momox-Caselis*, 987 F.3d at 846 ("The Department could not be deliberately indifferent to a situation of which it had no knowledge.").

Nor do the allegations show how the risk of disclosure was "obvious." *Momox-Caselis*, 987 F.3d at 845. The "prevailing minimum standards of care in the delivery of healthcare services" require such information to "be kept private and disclosed only to the patient," and the unadorned allegation that defendants knew of a generalized risk of violence based on "prior incidents" "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

**AFFIRMED.**

---

[3] For this reason, Trout also fails to state a Fourteenth Amendment claim for loss of familial association. *See Wilkinson v. Torres*, 610 F.3d 546, 554 (9th Cir. 2010).