NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 17 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JACOB FRIEDMAN, | No. 24-5861 |
| Plaintiff - Appellant, | D.C. No. 4:24-cv-00371-DMR |
| v. | |
| CITY OF FAIRFAX, a general law city, | MEMORANDUM* |
| Defendant - Appellee, | |
| and | |
| FAIRFAX DEPARTMENT OF PLANNING AND BUILDING SERVICES, PLANNING COMMISSION OF THE TOWN OF FAIRFAX, MARK LOCKABY, LINDA NEAL, | |
| Defendants. | |

Appeal from the United States District Court
for the Northern District of California
Donna M. Ryu, Magistrate Judge, Presiding

Argued and Submitted December 3, 2025
San Francisco, California

Before: RAWLINSON and SANCHEZ, Circuit Judges, and ROSENTHAL,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

District Judge.[**]

Appellant Jacob Friedman (Friedman) appeals the district court's dismissal of his complaint against the Town of Fairfax, California (named as City of Fairfax), two Town agencies, and two Town officials. We review de novo a dismissal for failure to state a claim. *See Tohono O'odham Nation v. U.S. Dep't of the Interior*, 138 F.4th 1189, 1199 (9th Cir. 2025). We affirm.

**1.** Friedman did not plausibly allege a takings claim because he did not have a protected interest in an approved building permit when the construction violated the permit terms. To state a viable takings claim, Friedman must plausibly allege that he owned "private property as contemplated under the Takings Clause," that the property was "taken for public use," and that he was not paid "just compensation" for the property. *Zeyen v. Bonneville Joint Dist., # 93*, 114 F.4th 1129, 1139 (9th Cir. 2024) (citation and internal quotation marks omitted). "[T]he existence of a property interest is determined by reference to existing rules or understandings that stem from an independent source such as state law. . . ." *Id.* at 1139-40 (citation and internal quotation marks omitted).

Under California law, "it is well established that the rights which may vest through reliance on a government permit are no greater than those specifically

---

[**]       The Honorable Lee H. Rosenthal, United States District Judge for the Southern District of Texas, sitting by designation.

granted by the permit itself." *Santa Monica Pines, Ltd. v. Rent Control Bd.*, 679 P.2d 27, 32 (Cal. 1984) (citations and internal quotation marks omitted). The terms of Friedman's permit stated that "[a]ny changes . . . made to the approved set of plans will require a modification of Application" which "*may* be approved by the Planning Director" if the changes do not "significantly change the project." Constructing unapproved modifications would "result in the job being immediately stopped." Friedman violated these terms by making changes to his approved plans and beginning construction on portions of the project that were not approved.

Friedman cannot rely on equitable estoppel to avoid the fact that he exceeded his permit. After learning of the changes from the plans that the Planning Commission had approved, Building Inspector Mark Lockaby (Lockaby) told Friedman that he could continue working on the approved building plans, but that he should not complete any further work on the unapproved changes until he received approval from the Planning Commission. The first amended complaint does not allege that Friedman stopped working on the unapproved portions of the property. So Friedman could not have reasonably believed that Lockaby intended for him to continue work on the unapproved changes. *See Attard v. Bd. of Supervisors of Contra Costa Cnty.*, 14 Cal. App. 5th 1066, 1079 (2017) (listing reliance as one of the elements of equitable estoppel). Because Friedman did not have a protected property interest in exceeding the terms of his permit, the district

court committed no error in dismissing his takings claims brought under the federal and state[1] constitutions.[2]

**2.** Assuming that Friedman had a property interest in the approved portion of his permit, he received all the process he was due when the city suspended the permit. Friedman was provided hearings before the Planning Commission and the Town Council. The lack of an opportunity to cross-examine witnesses at an administrative hearing did not violate due process. Friedman did not allege that he was unable to present evidence or argue his case. *See Buckingham v. Sec'y of U.S. Dept. of Agr.*, 603 F.3d 1073, 1083-84 (9th Cir. 2010). And Friedman was not denied a fair tribunal. His assertion that attorneys from the same firm represented both the Town employees and the Planning Commission did not demonstrate bias or conflict on the part of the "actual decisionmakers." *United States v. Oregon*, 44 F.3d 758, 772 (9th Cir. 1994).

**3.** Friedman did not plausibly allege a class-of-one equal protection claim. He was required to plausibly allege that he was "(1) intentionally (2) treated differently from others similarly situated and that (3) there is no rational basis for the difference in treatment." *SmileDirectClub, LLC v. Tippins*, 31 F.4th 1110,

---

[1] Aside from also protecting property damage, California courts construe the California and federal Constitutions' Takings Clauses "congruently." *City of Gridley v. Sup. Ct.*, 104 Cal. App. 5th 1201, 1213 (2024) (citation omitted).

[2] The parties stipulated to dismissal with prejudice.

1122-23 (9th Cir. 2022), *as amended* (citation and alterations omitted).  Friedman alleged that the Town often withheld electrical system approval to extract concessions from permit holders unrelated to electrical work.  Thus, Friedman's allegations actually established that he was treated the same as similarly situated builders.  *See id.*

**4.**  Because Friedman has not plausibly alleged an underlying violation of his constitutional rights, his *Monell*[3] and Bane Act claims also fail.  *Monell* claims "require a plaintiff to show an underlying constitutional violation."  *Lockett v. Cnty. of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020).  Similarly, one element of a Bane Act violation is "intentional interference or attempted interference with a state or federal constitutional or legal right."  *Allen v. City of Sacramento*, 234 Cal. App. 4th 41, 67 (2015); *see also* Cal. Civil Code § 52.1(b).

**AFFIRMED.**

---

[3] *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

24-5861