NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 20 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YAXIAN FAN,<br><br>    Plaintiff - Appellant,<br><br> v.<br><br>CITY OF NEWPORT BEACH; ORANGE COUNTY SUPERIOR COURT, in the City of Santa Ana; KEITH E. RODENHUIS, KER is the owner of KER Legal Group,<br><br>    Defendants - Appellees. | No. 24-3866<br><br>D.C. No. 8:22-cv-02178-FWS-DFM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Fred W. Slaughter, District Judge, Presiding

Submitted February 18, 2026[**]

Before:    CALLAHAN, FRIEDLAND, and BRESS, Circuit Judges.

Yaxian Fan appeals pro se from the district court's judgment dismissing her

42 U.S.C. § 1983 action alleging due process violations arising from state court

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

litigation. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (dismissal under Fed. R. Civ. P. 12(b)(6)); *B&G Foods N.A., Inc. v. Embry*, 29 F.4th 527, 534 (9th Cir. 2022) (dismissal based on the *Noerr-Pennington* doctrine). We affirm.

The district court properly dismissed Fan's claims against Newport Beach because Fan failed to allege facts sufficient to show that she suffered a constitutional violation as a result of an official policy or custom. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)); *Lockett v. County of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020) (discussing requirements to establish municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978)).

The district court properly dismissed Fan's claims against Keith Rodenhuis because the alleged conduct was protected petitioning activity and Fan failed to establish that the sham exception applied. *See B&G Foods*, 29 F.4th at 535 (describing the analysis to determine whether a defendant's conduct is immunized under the *Noerr-Pennington* doctrine, including whether the sham exception applies).

All pending motions are denied.

**AFFIRMED.**