NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 26 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TIMOTHY HUNTLEY WILLIAMS, | No. 23-1763 |
| Plaintiff - Appellant, | D.C. No. 2:23-cv-00781-SPL--ESW |
| v. | MEMORANDUM* |
| NICK SACCONE, Magistrate; ANTHONY NOVITSKI, Public Defender; STATE OF ARIZONA, Prosecutor; Honorable JAMES A. TEILBORG, Senior District Judge, Senior Judge, United States District Judge; COUNTY OF MARICOPA; SCOTTSDALE POLICE DEPARTMENT; UNKNOWN PARTY, named as Adult Probation; MARICOPA COUNTY SUPERIOR COURT; UNKNOWN PARTY 2, named as legislature; UNITED STATES OF AMERICA, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Submitted November 20, 2024**

---

     *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     **      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: CANBY, TALLMAN, and CLIFTON, Circuit Judges.

Timothy Huntley Williams appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012). We affirm.

The district court properly dismissed Williams's action because Williams's claims against the State of Arizona are barred by sovereign immunity, Williams's claims against the judicial defendants are barred by absolute judicial immunity, and Williams failed to allege facts sufficient to show that his defense counsel was acting under color of state law or that he suffered a constitutional violation as a result of an official policy or custom. *See Polk County v. Dodson*, 454 U.S. 312, 318-19, 325 (1981) (explaining that a private attorney or public defender does not act under color of state law within the meaning of § 1983); *Lockett v. County of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020) (discussing requirements to establish municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978)); *Pittman v. Oregon, Emp. Dep't*, 509 F.3d 1065, 1071 (9th Cir. 2007) (explaining that states enjoy sovereign immunity from § 1983 actions); *Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001) (describing factors relevant to whether an act is judicial in nature and subject to absolute

judicial immunity).

We reject as unsupported by the record Williams's contentions that the district court was biased against him.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**