NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 26 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TIMOTHY HUNTLEY WILLIAMS,

Plaintiff - Appellant,

v.

SCOTTSDALE POLICE
DEPARTMENT; SCOTTSDALE
MUNICIPAL COURT,

Defendants - Appellees.

No. 23-2311

D.C. No. 2:23-cv-00694-SPL--ESW

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Submitted November 20, 2024**

Before:     CANBY, TALLMAN, and CLIFTON, Circuit Judges.

Timothy Huntley Williams appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action against the Scottsdale Police Department

arising from his arrest. We have jurisdiction under 28 U.S.C. § 1291. We review

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

de novo a dismissal under 28 U.S.C. § 1915A. *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012). We affirm.

The district court properly dismissed Williams's action because Williams failed to allege facts sufficient to show that he suffered a constitutional violation as a result of an official policy or custom. *See Lockett v. County of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020) (discussing requirements to establish municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978)).

To the extent that Williams intended to raise claims against individual officers, dismissal was proper because Williams failed to allege facts sufficient to state any plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that, to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)).

We reject as unsupported by the record Williams's contentions that the district court was biased against him.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

23-2311