**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GAYLE ASHFORD, | No. 23-2804 |
| Plaintiff - Appellant, | D.C. No. 6:19-cv-01540-IM |
| v. | |
| CITY OF BROWNSVILLE, a municipal corporation of Oregon; SCOTT MCDOWELL, City Administrator, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Karin J. Immergut, District Judge, Presiding

Submitted December 3, 2024[**]
Portland, Oregon

Before: CALLAHAN, NGUYEN, and SUNG, Circuit Judges.

Plaintiff-Appellant Gayle Ashford ("Ashford") applied to the Planning

Commission of Defendant City of Brownsville (the "City") for a conditional use

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

permit to expand her medical marijuana business to include recreational marijuana sales. Defendant Scott McDowell ("McDowell"), the City Administrator, provided the Planning Commission with legal advice, including informing the Commission that Ashford's application complied with all the City's ordinances. Nonetheless, the Planning Commission denied Ashford's application, citing "the increased potential risk that children and youth could be negatively impacted." The City Council initially affirmed the denial upon appeal. When Ashford gave notice of her intent to appeal to Oregon's Land Use Board of Appeals, the City Council retracted its decision. At a subsequent hearing on the application, McDowell issued a City Administrator Report to express the City's frustration with Oregon's actions in legalizing marijuana while acknowledging that City's ability to "address [its] concerns" is "preempted" by state law. The City Council then granted Ashford's conditional use permit.

Ashford brought suit under 42 U.S.C. § 1983, seeking damages for the loss of profits for the year she was without a permit to sell recreational marijuana, alleging that she suffered a "class-of-one" equal protection violation. The district court granted Defendants' motion for summary judgment. We have jurisdiction of this matter under 28 U.S.C. § 1291, and we affirm.

"We review a grant of summary judgment . . . de novo, applying the same standard of review as the district court under Federal Rule of Civil Procedure 56."

23-2804

*Flores v. City of San Gabriel*, 824 F.3d 890, 897 (9th Cir. 2016). This rule applies to a grant of summary judgment based on qualified immunity. *See Evans v. Skolnik*, 997 F.3d 1060, 1064 (9th Cir. 2021). Under Rule 56, a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

1. Ashford fails to establish a class-of-one equal protection violation because she has no evidence of a similarly situated comparator. An equal protection claim can "be sustained even if the plaintiff has not alleged class-based discrimination, but instead claims that she has been irrationally singled out as a so-called 'class of one.'" *Gerhardt v. Lake Cnty.*, 637 F.3d 1013, 1021 (9th Cir. 2010) (quoting *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 601 (2008)), *cert. denied*, 565 U.S. 881 (2011). To prove a class-of-one equal protection claim, the plaintiff must show that she has been "[1] intentionally [2] treated differently from others similarly situated and that [3] there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam). As to the second element, a "plaintiff must be similarly situated to the proposed comparator in all material respects." *SmileDirectClub, LLC v. Tippins*, 31 F.4th 1110, 1123 (9th Cir. 2022) ("join[ing] . . . sister circuits" in adopting this test). There must be "'an extremely high degree of similarity between themselves and

the persons to whom they compare themselves.'" *Id.* (quoting *Clubside, Inc. v. Valentin*, 468 F.3d 144, 159 (2d Cir. 2006)). Under this strict standard, the proper comparator for Ashford is another recreational marijuana dispensary that applied for a conditional use permit from the City.

Ashford, however, provides no evidence of the existence, let alone the preferential treatment, of another recreational marijuana dispensary that requested a conditional use permit from Defendants. Ashford concedes as much in her brief, stating "no one else had applied for a recreational marijuana permit previously in the tiny town of Brownsville." Without a comparator, Ashford cannot establish that she has been treated differently under the ordinances of the City. Because Ashford cannot show a genuine dispute of material fact as to whether she suffered a constitutional violation, her § 1983 claims against both the City and McDowell fail. *See Jackson v. City of Bremerton*, 268 F.3d 646, 653–54 (9th Cir. 2001) ("Neither a municipality nor a supervisor, however, can be held liable under § 1983 where no injury or constitutional violation has occurred."); *Lockett v. Cnty. of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020) ("Monell claims [] require a plaintiff to show an underlying constitutional violation.").

2. Even if there was a genuine dispute as to whether there was a constitutional violation, McDowell is entitled to qualified immunity. First, the evidence does not show that McDowell caused the alleged constitutional violation;

4                                              23-2804

if anything, McDowell's advice to the Planning Commission and City Council warned them against denying Ashford's application. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which the plaintiff complains.'" (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)) (cleaned up) (emphasis in original)).

Second, Ashford points to no "'existing precedent . . . [that] place[s] the statutory or constitutional question beyond debate,'" *Evans*, 997 F.3d at 1066 (quoting *Kisela v. Hughes*, 584 U.S. 100, 104, (2018)), giving McDowell "fair notice" that by relaying legal advice to the Planning Commission and the City Council he was violating a constitutional right, *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004). The two cases Ashford cites, *Ae Ja Elliot-Park v. Manglona*, 592 F.3d 1003 (9th Cir. 2010) and *Karl v. City of Mountlake Terrace*, 678 F.3d 1062 (9th Cir. 2012), present drastically different scenarios than the one before us and thus are not "particularized" to the facts of this case. *Saved Mag. v. Spokane Police Dep't*, 19 F.4th 1193, 1199 (9th Cir. 2021), *cert. denied*, 142 S. Ct. 2711 (2022). Therefore, even if there was a constitutional violation, Ashford's claim against McDowell would be barred by qualified immunity.

23-2804

**AFFIRMED.**