**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ANTHONY ASBELL,

       Plaintiff - Appellant,

v.

AUTOM HAMON; TONYA
McMILLAN; PATRICK JONES; MR.
WEST; CORIZON; CENTURION,

       Defendants - Appellees.

No. 23-1801

D.C. No.
1:22-cv-00045-DCN

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
David C. Nye, District Judge, Presiding

Submitted March 17, 2025[**]

Before:    CANBY, R. NELSON, and FORREST, Circuit Judges.

Idaho state prisoner Anthony Asbell appeals pro se from the district court's

judgment dismissing his action alleging various federal and state law claims arising

from the failure to provide adequate medical supplies. We have jurisdiction under

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291. We review for an abuse of discretion a dismissal for failure to serve the summons and complaint under Federal Rule of Civil Procedure 4(m). *Oyama v. Sheehan (In re Sheehan)*, 253 F.3d 507, 511 (9th Cir. 2001). We affirm.

The district court did not abuse its discretion by dismissing Asbell's claims against defendants Hamon, McMillan, and Jones because Asbell failed to effect proper service of the summons and complaint, despite being given notice and an opportunity to do so, and Asbell did not establish good cause for his failure to serve. *See* Fed. R. Civ. P. 4(a)-(c) (setting forth requirements for service of process, including that the summons must be served with a copy of the complaint by a non-party); Fed. R. Civ. P. 4(m) (explaining that the district court may dismiss without prejudice for failure to serve after providing notice and absent a showing of good cause). However, dismissal under Rule 4(m) should be without prejudice. The district court is instructed to amend the judgment to be without prejudice.

The district court properly dismissed Asbell's federal claims against defendants Mr. West, Corizon, and Centurion because Asbell failed to allege facts sufficient to show that he received constitutionally inadequate medical care, suffered a constitutional violation as a result of an official policy or custom, or was discriminated against on the basis of disability. *See Lockett v. County of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020) (discussing requirements to establish municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658

(1978)); *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012) (setting forth standard of review for a dismissal under 28 U.S.C. § 1915A); *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *Simmons v. Navajo County*, 609 F.3d 1011, 1021-22 (9th Cir. 2010) (setting forth elements of claim under the Americans with Disabilities Act ("ADA") and explaining that the ADA "prohibits discrimination because of disability, not inadequate treatment for disability"), *overruled on other grounds by Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc); *Toguchi v. Chung*, 391 F.3d 1051, 1057-60 (9th Cir. 2004) (setting forth the requirements of an Eighth Amendment deliberate indifference claim and explaining that medical malpractice or negligence does not amount to deliberate indifference).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

**AFFIRMED with instructions to amend the judgment.**