NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 20 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTHONY McGEE, | No. 23-3670 |
| Plaintiff - Appellant, | D.C. No. 5:23-cv-02559-VKD |
| v. | MEMORANDUM[*] |
| MILPITAS POLICE DEPARTMENT; CITY OF MILPITAS; OFFICER DOE, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Virginia Kay DeMarchi, Magistrate Judge, Presiding[**]

Submitted March 17, 2025[***]

Before:     CANBY, R. NELSON, and FORREST, Circuit Judges.

Anthony McGee appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging violations of the Fourth

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Amendment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295 (9th Cir. 1998). We affirm.

The district court properly dismissed McGee's action because McGee failed to allege facts sufficient to show that he suffered a constitutional violation as a result of an official policy or custom. *See Lockett v. Cnty. of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020) (discussing requirements to establish municipal liability under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in denying McGee's motions for entry of default and default judgment because defendants filed a timely motion to dismiss. *See* Fed. R. Civ. P. 55(a) (providing that a default can be entered against a party only where that party "has failed to plead or otherwise defend"); *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 689 (9th Cir. 1988) (a default judgment is inappropriate if defendant indicates its intent to defend the action); *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986) (setting forth standard of review and factors for determining whether to enter

2                                                                              23-3670

default judgment and explaining that "default judgments are ordinarily disfavored").

We reject as unsupported by the record McGee's contentions that documents submitted under seal by defendants were publicly filed or that the district court should have applied judicial estoppel.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n. 2 (9th Cir. 2009).

All pending motions are denied.

**AFFIRMED.**

23-3670