NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 17 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHRISTOPHER A. SPENCE,

        Plaintiff - Appellant,

  v.

LOWER BUCKEYE JAIL, MCSO
Facility; PAUL PENZONE, AKA Paul
Pensone, Maricopa County
Sheriff; COUNTY OF
MARICOPA; MARICOPA COUNTY
SHERIFF'S OFFICE; Unknown MIKELS,
named as Lt Mikels B1619, Lieutenant at
Maricopa County Jails; KIRK, named as Sgt
Kirk B0326, Sergeant at Maricopa County
Jails; Unknown KING, named as Capt King
A6460, Captain at Maricopa County
Jails; Unknown OVERGARD, named as Sgt
Overgard B1600, Sergeant at Maricopa
County Jails; UNKNOWN PARTY, Named
as Sheriff that was in-charge of LBJ 23-B
on 5/15/2023 at 9AM; MARICOPA
COUNTY GOVERNMENT JAILS,

        Defendants - Appellees.

No. 24-1630

D.C. No. 2:23-cv-00928-SPL--DMF

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

---

      *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Submitted July 15, 2025[**]

Before:       SILVERMAN, TALLMAN, and BUMATAY, Circuit Judges.

Christopher A. Spence appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional violations while he was a pretrial detainee. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012). We affirm.

The district court properly dismissed Spence's action because Spence failed to allege facts sufficient to state a plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (explaining that although pro se pleadings are to be liberally construed, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *see also Castro v. County of Los Angeles*, 833 F.3d 1060, 1067-68, 1071 (9th Cir. 2016) (holding that pretrial detainees may sue prison officials for injuries under the Fourteenth Amendment and setting forth objective deliberate indifference standard for Fourteenth Amendment conditions-of-confinement claims); *Lockett v. County of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020) (explaining that a claim for municipal liability under *Monell v. Department*

---

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

       

*of Social Services*, 436 U.S. 658 (1978), requires a plaintiff to show an underlying constitutional violation).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions are denied.

**AFFIRMED.**