NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 23 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANCISCO GARCIA,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>COUNTY OF LOS ANGELES; ALEX VILLANUEVA, Sheriff Los Angeles County, in individual capacity and official capacity; NURSE PEREZ, Registered Nurse, in individual capacity; PERALTA, Sheriff Deputy, in individual capacity; YHAMEL, Sheriff Deputy, in individual capacity; TIPTON, Grievance Officer, individual capacity; HINTON, Legal Unit Coordinator, individual capacity; URSO, Supervisor, individual capacity; GULSETH, Supervisor, individual capacity; JOHN DOE,<br><br>        Defendants - Appellees. | No. 23-1872<br><br>D.C. No. 2:20-cv-08528-JVS-KES<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted October 15, 2025[**]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:    FRIEDLAND, MILLER, and SANCHEZ, Circuit Judges.

California state prisoner Francisco Garcia appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging First Amendment, Eighth Amendment, and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Daewoo Elecs. Am. Inc. v. Opta Corp.*, 875 F.3d 1241, 1246 (9th Cir. 2017) (judgment on the pleadings under Federal Rule of Civil Procedure 12(c)); *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915A). We affirm.

The district court properly granted judgment on the pleadings on Garcia's access-to-courts and California Bane Act claims based on the confiscation and destruction of his legal materials because Garcia failed to allege facts sufficient to show actual injury to any nonfrivolous legal claim. *See Lewis v. Casey*, 518 U.S. 343, 348-53 (1996) (explaining that an access-to-courts claim requires a plaintiff to show that defendants' conduct caused an actual injury to a nonfrivolous legal claim); *Reese v. County of Sacramento*, 888 F.3d 1030, 1040-45 (9th Cir. 2018) (setting forth requirements to establish a claim under the Bane Act).

The district court properly dismissed Garcia's other access-to-courts, retaliation, conditions-of-confinement, and Bane Act claims because Garcia failed to allege facts sufficient to show that the denial of law library access and supplies resulted in actual injury to a nonfrivolous legal claim, that defendants took adverse

action because of Garcia's protected conduct, that defendants were deliberately indifferent to an excessive risk to Garcia's health, or that defendants enacted unconstitutional policies concerning law library access and COVID-19 conditions. *See Lewis*, 518 U.S. at 348-53 (setting forth requirements of an access-to-courts claim); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (setting forth requirements of an Eighth Amendment claim in the prison context); *Lockett v. County of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020) (discussing requirements to establish municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), including showing a municipal policy that caused a constitutional violation); *Reese*, 888 F.3d at 1040-45 (setting forth requirements to establish a claim under the Bane Act); *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth elements of a First Amendment retaliation claim in the prison context).

The district court did not err in denying Garcia's motion to certify a partial judgment under Federal Rule of Civil Procedure 54(b) because it properly evaluated the relationship between Garcia's claims and found no just reason for delay. *See* Fed. R. Civ. P. 54(b) ("[T]he court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."); *Wood v. GCC Bend, LLC*, 422 F.3d 873, 877-83 (9th Cir. 2005) (setting forth requirements for certification under

Rule 54(b)); *Gregorian v. Izvestia*, 871 F.2d 1515, 1519 (9th Cir. 1989) (explaining that this court reviews de novo the district court's evaluation of factors such as the relationship between the claims, and for an abuse of discretion its assessment of equitable concerns).

The district court did not abuse its discretion in denying as moot Garcia's discovery motions after dismissing all of Garcia's claims. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (setting forth standard of review and explaining that the district court's discovery decisions will not be disturbed without "actual and substantial prejudice to the complaining litigant" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in denying Garcia's motions for appointment of counsel because Garcia failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and "exceptional circumstances" requirement for appointment of counsel).

**AFFIRMED.**