**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 23 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KEVIN MASSENGALE,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>SHANNON D. DICUS; SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT; COUNTY OF SAN BERNARDINO; HIGH DESERT DETENTION CENTER,<br><br>Defendants - Appellees. | No. 25-1641<br><br>D.C. No. 5:24-cv-02352-SSS-SSC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Sunshine Suzanne Sykes, District Judge, Presiding

Submitted March 16, 2026**

Before:    SILVERMAN, NGUYEN, and HURWITZ, Circuit Judges.

Kevin Massengale appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging constitutional claims arising from

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

his arrest. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). We affirm.

The district court properly dismissed Massengale's action because Massengale failed to allege facts sufficient to state any plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted); *see also Nieves v. Bartlett*, 587 U.S. 391, 398-404 (2019) (explaining that a First Amendment claim for retaliatory arrest requires that a plaintiff show he was arrested without probable cause in retaliation for protected speech); *Lockett v. County of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020) (explaining that municipal liability claims under § 1983 require a plaintiff to show an underlying constitutional violation); *Rosenbaum v. Washoe County*, 663 F.3d 1071, 1076 (9th Cir. 2011) ("An officer has probable cause to make a warrantless arrest when the facts and circumstances within his knowledge are sufficient for a reasonably prudent person to believe that the suspect has committed a crime."); *United States v. Mayo*, 394 F.3d 1271, 1276 (9th Cir. 2005) (holding that facts concerning a suspected violation of California Vehicle Code section 4463 were sufficient to establish probable cause for arrest).

The district court did not abuse its discretion by denying leave to amend because amendment would be futile. *See Chappel v. Lab'y Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) (setting forth standard of review and explaining that the denial of leave to amend is proper when amendment would be futile).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

25-1641