NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 30 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EMMANUEL ADEYINKA,

Plaintiff - Appellant,

v.

AYDEN HENDRIE, #65356, Police
Officer, Portland Police Bureau; CITY OF
PORTLAND, Municipal Corporation;
DESIREE SHEPHERD,

Defendants - Appellees.

No. 26-154

D.C. No. 3:25-cv-01594-SB

MEMORANDUM*

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted April 22, 2026**

Before:      LEE, DESAI, and JOHNSTONE, Circuit Judges.

Emmanuel Adeyinka appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging claims arising from his arrest.  We

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm.

The district court properly dismissed Adeyinka's action because Adeyinka failed to allege facts sufficient to state any plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)); *Lacey v. Maricopa County*, 693 F.3d 896, 918 (9th Cir. 2012) (setting forth the requirements of a Fourth Amendment false arrest claim); *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988) (setting forth elements of a claim under § 1985(3)); *see also Lockett v. County of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020) (explaining that municipal liability claims under § 1983 require a plaintiff to show an underlying constitutional violation).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

**AFFIRMED.**