NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 11 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VICKI CHANG, | No.    23-35284 |
| Plaintiff-Appellant, | D.C. No. 2:22-cv-00013-SKV |
| v. | |
| ANDREW VANDERWIELEN, Trooper, Washington State Patrol; BRIAN HUNT, Officer, Seattle Police Department; JANE GUREVICH, Security Guard, University of Washington; EDWARD COLLINS, Trooper, Washington State Patrol; RIDDHI KOTHARI, Doctor, University of Washington; CITY OF SEATTLE, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Sarah Kate Vaughan, Magistrate Judge, Presiding

Submitted May 11, 2026**
San Francisco, California

Before: O'SCANNLAIN, SILVERMAN, and N.R. SMITH, Circuit Judges.

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Vicki Chang appeals pro se from the district court's entry of judgment in her action alleging 42 U.S.C. § 1983 and state law claims arising from her forcible removal from the University of Washington Harborview Medical Center and a subsequent visit to the same hospital. We have jurisdiction pursuant to 28 U.S.C. § 1291 and review de novo. *See Harper v. Nedd*, 71 F.4th 1181, 1184 (9th Cir. 2023) (dismissal for failure to state a claim); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (summary judgment). We affirm.

Summary judgment was proper on the Fourth Amendment claims alleging that defendants Vanderwielen and Gurevich used excessive force. The district court properly applied the facts of the altercation as depicted by the videotape of the event and other relevant circumstances. Under the totality of the circumstances, the defendants' use of force was minimal and objectively reasonable. *See Scott v. Harris*, 550 U.S. 372, 378-81 (2007) (holding that, absent evidence that the videotape "differs from what actually happened", the court should "view[] the facts in the light depicted by the videotape" of the event when ruling on a motion for summary judgment); *Williamson v. City of Nat'l City*, 23 F.4th 1146, 1149-53 (9th Cir. 2022) (applying the unreasonable force standard and videotape rule to find only minimal force where the protester resisted removal and went limp, and then the officers lifted the protestor by her arms and dragged her through the doorway by her wrist and forearm).

2

The district court properly dismissed the Fourth Amendment claim alleging that defendant Vanderwielen seized Chang's property. Chang failed to allege facts showing that Vanderwielen meaningfully interfered with her possessory interest in her purse. *See United States v. Jacobsen,* 466 U.S. 109, 113 (1984) (explaining that a Fourth Amendment "seizure of property occurs when there is some meaningful interference with an individual's possessory interests in that property") (internal quotation marks omitted). Dismissal was also proper on the Fourteenth Amendment claim alleging that Vanderwielen damaged Chang's purse. Chang cannot allege a Fourteenth Amendment claim because state law provides an adequate post-deprivation remedy for property loss caused by the state. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (holding that an unauthorized intentional deprivation of property by a state employee does not violate Fourteenth Amendment due process if a meaningful state post-deprivation remedy exists); *see also* Wash. Rev. Code § 4.92.090.

Summary judgment was proper on the Fourth and Fourteenth Amendment claims alleging that defendant Gurevich seized and damaged Chang's purse. Chang failed to offer evidence to establish that Gurevich meaningfully interfered with her property interest or that she was deprived of the handbag or its contents. *See Jacobsen,* 466 U.S. at 113 (setting forth the standard); *Hudson*, 468 U.S. at 533 (precluding due process property claims if meaningful state post-deprivation

3

remedies exist).

The district court properly dismissed the Fourth and Fourteenth Amendment excessive force and property claims alleged against city defendant Hunt. Chang failed to allege facts showing that Hunt, who arrived after the altercation and spoke to Chang and the witnesses, caused or personally participated in any constitutional violation. *See Crumpton v. Gates,* 947 F.2d 1418, 1420 (9th Cir. 1991) (requiring that the defendant cause a constitutional violation). Dismissal was also proper for the City of Seattle because Chang failed to allege facts showing an underlying constitutional violation by Hunt. *See Lockett v. Cnty of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020) (setting forth the elements of municipal liability, including the requirement that the plaintiff establish an underlying constitutional violation).

The district court properly dismissed defendant Collins, Vanderwielen's supervisor, because Chang failed to allege facts to establish that Collins caused or personally participated in the alleged constitutional violations. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (setting forth the standard to hold a supervisor liable under § 1983).

The district court properly dismissed the state tort claims alleged against all defendants because Chang failed to allege that she filed complete and proper verified claims with the state and city prior to filing her action. *See* Wash. Rev. Code §§ 4.92.100 & 4.92.110 (requiring that a plaintiff present a verified claim to

the Office of Risk Management before commencing an action for damages against any "state officers, employees, or volunteers, acting in such capacity" arising from tortious conduct); Wash. Rev. Code §§ 4.96.010(1) & 4.96.020(4) (requiring that a verified claim be presented to a designated agent before filing suit for damages against municipal corporations and other local governmental entities arising from tortious conduct); *Levy v. State*, 957 P.2d 1272, 1277 (Wash. Ct. App. 1998) ("Failure to file a claim in proper fashion results in dismissal of the suit.").

To the extent that Chang attempted to allege a § 1983 claim against Dr. Kothari for medical malpractice, negligence does not state a § 1983 claim. *Jett*, 439 F.3d at 1096.

The district court did not abuse its discretion by denying Chang's motion to disqualify Judge Coughenour. The judge's actions of serving as an adjunct lecturer at the University of Washington School of Law and donating all compensation for his lectures to the law school do not create personal bias in this case. Harborview Medical Center, not the law school, is involved in this action. *See United States v. Carey*, 929 F.3d 1092, 1104 (9th Cir. 2019) (setting forth the standard for recusal).

The district court did not abuse its discretion by denying Chang's motion to extend discovery for failure to establish good cause. Chang had ample opportunity to explore her own injuries, which occurred four years before her request, and conduct discovery related to the remaining defendant. *See* Fed. R. Civ. P.

16(b)(4); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607, 609 (9th Cir. 1992) (setting forth the standard of review and explaining that good cause primarily requires "diligence of the party seeking the amendment"). Nor did she establish actual and substantial prejudice from the denial of discovery. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

All pending motions are DENIED.

**AFFIRMED.**