**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAY 12 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDWARD BAILEY,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>MULTNOMAH COUNTY SHERIFF'S OFFICE; MICHAEL REESE; CPT. ERIC P. SMITH; BOB BURTON; JANE DOE, #2, #11; JANE DOE MEDICAL, #8, #10, #11; JOHN DOE, 1 through 10; JOHN DOE MEDICAL, #8, #10, #11; Sgt. JOHN DOE, #3, #4; BARRETT TAYLOR; LAUREN BAKER; KYLE TYSON; CHRISTOPHER BAKER; MARTIN MCELHANEY; CHAD SWEIDER; ANDREW GRIGNON; BRIAN BEARDSLEY,<br><br>        Defendants - Appellees. | No. 24-2798<br><br>D.C. No. 3:22-cv-00429-YY<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Karin J. Immergut, District Judge, Presiding

Submitted April 22, 2026[**]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: LEE, DESAI, and JOHNSTONE, Circuit Judges.

Edward Bailey appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging excessive force during his pretrial detention. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment because Bailey failed to raise a genuine dispute of material fact as to whether defendants used excessive force against him where the record showed defendants' use of force was proportional to Bailey's active resistance and did not establish Bailey suffered serious injury. *See Hyde v. City of Willcox*, 23 F.4th 863, 870 (9th Cir. 2022) (describing requirements of a pretrial detention excessive force claim and setting forth factors a court may consider in assessing whether the force used was reasonable); *Lockett v. County of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020) (explaining that a claim for municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), requires a plaintiff to show an underlying constitutional violation); s*ee also Scott v. Harris*, 550 U.S. 372, 380 (2007) (explaining that an assertion that is "blatantly contradicted by the record, so that no reasonable jury could believe it," will not create a genuine dispute of material fact at summary judgment).

The district court did not abuse its discretion by denying Bailey's motion for

reconsideration because Bailey failed to set forth any basis for relief. *See Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009). We do not consider documents not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

**AFFIRMED.**