NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 27 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MA'LENNA CAPERS,<br><br>       Plaintiff - Appellant,<br><br> v.<br><br>CITY OF RIVERSIDE, a municipal entity; COUNTY OF RIVERSIDE, a municipal entity; RIVERSIDE COUNTY SHERIFF'S DEPARTMENT, Civil Bureau a municipal entity; UNKNOWN PARTY, Riverside City and Police Department Personnel; DOES, 1-25; MUNOZ, Inv. #4833, official capacity; G. MEDINA, Inv #4020, official capacity; X. MARTINEZ, #3698, official capacity; CITY OF NORCO; JURUPA VALLEY SHERIFF'S DEPARTMENT, a municipal entity,<br><br>       Defendants - Appellees. | No. 25-871<br><br>D.C. No. 5:24-cv-01284-SB-BFM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Stanley Blumenfeld, Jr., District Judge, Presiding

Submitted May 26, 2026[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: S.R. THOMAS, MILLER, and H.A. THOMAS, Circuit Judges.

Ma'Lenna Capers appeals pro se from the district court's judgment dismissing her 42 U.S.C. § 1983 action alleging various constitutional claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915(e)(2). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm.

The district court properly dismissed Capers's action because Capers failed to allege facts sufficient to state a plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)); *Lockett v. County of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020) (explaining that a claim for municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), requires a plaintiff to show an underlying constitutional violation); *Lacey v. Maricopa County*, 693 F.3d 896, 919 (9th Cir. 2012) (holding that "[t]o claim malicious prosecution, a petitioner must allege that the defendants prosecuted her with malice and without probable cause, and that they did so for the purpose of denying her equal protection or another specific constitutional right" (citation and internal quotation marks omitted)).

We reject as unsupported by the record Capers's contention that the district

court was biased against her.

**AFFIRMED.**